UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOREEN FALVEY,<br>    *Plaintiff*,<br><br>v.<br><br>OCEAN SURVEYS, INC.,<br>    *Defendant*. | 3:23-CV-01013 (SVN)<br><br><br><br><br><br>March 10, 2025 |

**RULING AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Sarala V. Nagala, United States District Judge.

Plaintiff Loreen Falvey brought this action alleging that her former employer, Defendant Ocean Surveys, Inc. ("OSI"), violated federal and state law by terminating her employment on the basis of her disability (Counts One and Two), age (Counts Three and Four), and sex (Counts Five and Six). Defendant seeks summary judgment, contending that, based on the undisputed material facts, Plaintiff cannot establish the necessary elements for her claims. Plaintiff does not oppose the motion as to her sex discrimination claims, but opposes it as to her disability and age discrimination claims, arguing that there are genuine disputes of material fact remaining. For the reasons set forth below, Defendant's motion is GRANTED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND[1]**

Defendant performs underwater mapping services for private and government clients. Pl.'s L.R. 56(a)(2) St. ¶ 2. David Bell founded the company and has been its President since at least 1976. *Id.* ¶ 3. Bell was 82 years old as of the filing of Defendant's motion for summary judgment. *See id.* ¶ 4. Plaintiff began working for Defendant as an office manager in 1985. *Id.* ¶ 5. Her responsibilities originally included answering phones, typing documents, and ordering supplies for

---

[1] The factual background is taken primarily from Plaintiff's Local Rule 56(a)(2) Statement, ECF No. 34-1 ("Pl.'s L.R. 56(a)(2) St."). The facts are undisputed, unless otherwise indicated.

office equipment, *see* Pl.'s Dep., ECF No. 34-2 at 4–6, and then expanded to various marketing, invoicing, and other tasks, *id.* at 8–18, 21.

Defendant's day-to-day operations have changed considerably over the years as a result of technological advances. Pl.'s L.R. 56(a)(2) St. ¶¶ 13–14. In particular, certain advances have limited the number of in-person meetings and non-electronic communications Defendant's employees have with clients and vendors. *Id.* The COVID-19 pandemic accelerated these changes. *Id.* ¶ 14. Before the pandemic, a good deal of Defendant's communications with clients and vendors occurred via traditional means, such as office telephone routed through a main office line and regular mail, although communication through these means diminished yearly. *Id.* ¶¶ 15, 17. During the pandemic, almost all of Defendant's employees, customers, and vendors began working from home and Defendant's means of communication changed to become more direct, with Defendant's technical staff communicating directly with customers and vendors and Defendant's employees communicating directly between cell phones, rather than via the main office telephone line. *Id.* ¶¶ 15–18.

Additionally, during the pandemic, Defendant's overall workload decreased and it furloughed approximately 60% of its employees—though Plaintiff was not furloughed and continued to work in the office. *Id.* ¶¶ 22–23, 25. At this time, Plaintiff assisted in keeping the office clean and sanitizing contact points such as door knobs. *Id.* ¶ 24.

As the pandemic waned, Defendant's staff began returning to the office, although many of Defendant's employees, customers, and vendors continued to work remotely. *Id.* ¶¶ 26–27. Defendant's management team found that the fundamental nature of Defendant's work had changed. *Id.* ¶ 26. As a result, Defendant's Operations Manager Michael Engels met with Bell

and other employees in management on several occasions to discuss the elimination of the office manager position. *Id.* ¶¶ 9, 29.

Defendant asserts that because of the changes in its operation due to the pandemic, there was little need for an office manager to maintain office supplies, handle mail, take phone calls, or perform other traditional administrative and office manager duties. *Id.* ¶¶ 21, 28. Plaintiff disputes this assertion, pointing to various portions of her deposition testimony concerning her tasks. *Id.*

Plaintiff's position ultimately was eliminated, and she was terminated on May 12, 2022. *Id.* ¶¶ 6, 31. The limited remaining administrative duties Plaintiff had been performing were transferred to existing employees without requiring any additional working hours from those employees. *Id.* ¶¶ 32, 48. For instance, Karen Hurd, Defendant's payroll manager, who was 63 years old at the time of the filing of Defendant's motion for summary judgment, took over a very limited amount of Plaintiff's former responsibilities relating to invoices. *Id.* ¶¶ 34, 36, 47. Defendant has not employed an office manager or hired any additional office/administrative staff since terminating Plaintiff's position. *Id.* ¶ 33.

Defendant removed this action to federal court following Plaintiff's filing of the complaint. Not. of Removal, ECF No. 1. Plaintiff alleges disability discrimination under the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60(b)(1), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* (Counts One and Two, respectively); age discrimination under CFEPA and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* (Counts Three and Four, respectively); and sex discrimination under CFEPA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (Counts Five and Six, respectively). Compl., ECF No. 1-1. Defendant moves for summary judgment on all counts.

Plaintiff concedes summary judgment in Defendant's favor is appropriate as to Counts Five and Six, but opposes Defendant's motion as to the remaining counts.

## II. LEGAL STANDARD

### A. Summary Judgment

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is material only where the determination of the fact might "affect the outcome of the [law]suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). With respect to genuineness, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden of establishing there is no genuine issue of material fact in dispute will be satisfied if the movant can point to an absence of evidence to support an essential element of the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant bears an initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. A movant, however, "need not prove a negative when it moves for summary judgment on an issue that the [non-movant] must prove at trial. It need only point to an absence of proof on [the non-movant's] part, and, at that point, [the non-movant] must 'designate specific facts showing that there is a genuine issue for trial.'" *Parker v. Sony Pictures Ent., Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at

4

324). The non-moving party, in order to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his or her favor. *Anderson*, 477 U.S. at 249. If the non-movant fails "to make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof," then the movant will be entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

In considering a motion for summary judgment, a court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021) (citation and internal quotation marks omitted). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).

B. *McDonnell Douglas* Burden Shifting

Plaintiff's remaining claims are analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), with some minor variations for the particular claims, as explained below. *See McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009) (ADA disability discrimination claim); *Bartolotta v. Human Resources Agency of New Britain, Inc.*, 224 Conn. App. 248, 270 (CFEPA disability discrimination claim); *Lively v. WAFRA Investment Advisory Group, Inc.*, 6 F.4th 293, 302 n.3 (2d Cir. 2021) (ADEA discrimination claim); *Femia v. City of Meriden*, 223 Conn. App. 1, 11–12 (2023) (CFEPA age discrimination claim).

**III. DISCUSSION**

For the reasons discussed below, Defendant's motion for summary judgment is GRANTED. The Court concludes that there is no genuine issue of material fact as to each of

Plaintiff's remaining claims, as there is insufficient evidence for a reasonable trier of fact to conclude that Plaintiff has established a *prima facie* case of disability or age discrimination, much less that she has prevailed at step three of the *McDonnell Douglas* analysis.

    A.  <u>Disability Discrimination (Counts One and Two)</u>

        *1. Legal Standard*

Both the ADA and the CFEPA prohibit employers from engaging in certain adverse employment actions, including discharge, due to an employee's disability. 42 U.S.C. § 12112(a); Conn. Gen. Stat. § 46a-60(b)(1). Under *McDonnell Douglas*, for a disability discrimination claim, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination by showing that (1) her employer is subject to the relevant statute; (2) she is disabled within the meaning of the relevant statute or perceived to be so by her employer; (3) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (4) she suffered an adverse employment action because of her disability. *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008); *Bartolotta*, 224 Conn. App. at 270. To satisfy the final element of a *prima facie* case, the plaintiff must demonstrate that the adverse employment action "took place under circumstances giving rise to an inference of discrimination." *Davis v. N.Y. City Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015). Plaintiff's burden at this step is minimal. *Id.*

If the plaintiff establishes a *prima facie* case, the defendant must proffer a legitimate, non-discriminatory reason for the adverse employment action. *Heyman v. Queens Vill. Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc.*, 198 F.3d 68, 72 (2d Cir. 1999). If the defendant meets its burden of production, the burden shifts back to the plaintiff to show that the defendant's proffered reason was "not the true reason" or is otherwise a pretext for discrimination. *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 256 (1981) (Title VII case).

The plaintiff will ultimately prevail on her ADA discrimination claim only if she proves that her disability was "a but-for cause" of the adverse employment action. *Carter v. TD Bank, N.A.*, No. 23-950, 2024 WL 2828470, at *4 (2d Cir. June 4, 2024) (summary order) (citing *Natofsky v. City of New York*, 921 F.3d 337, 348 (2d Cir. 2019)). Under the CFEPA, the plaintiff need only show that her disability was a motivating factor in the adverse action, rather than the but-for cause. *See Wallace v. Caring Solutions, LLC*, 213 Conn. App. 605, 618, 623 (2022).

    2. *Analysis*

The Court holds that Plaintiff has not established a *prima facie* case of disability discrimination. Even assuming she has met that burden, which the Court acknowledges is *de minimis*, Defendant has offered a legitimate, non-discriminatory reason for her termination, and Plaintiff has failed to demonstrate at step three that the true reason she was fired was her disability.[2]

Regarding Plaintiff's *prima facie* case, the parties agree that Defendant is subject to the ADA and the CFEPA; that Plaintiff is disabled within the meaning of those statutes;[3] and that she was otherwise qualified to perform the essential functions of her job. The dispute as to Plaintiff's *prima facie* showing therefore centers on whether Plaintiff has shown that she was terminated

---

[2] Although Defendant interprets Plaintiff as raising claims for both disability discrimination and retaliation, *see* Def.'s Br., ECF No. 29-1 at 6, neither Plaintiff's complaint nor her opposition to Defendant's motion mentions a disability retaliation claim. Thus, the Court does not construe her complaint as raising such a claim. To the extent it did, she has waived any arguments in opposition by failing to respond to Defendant's contentions. *McLeod v. Verizon New York, Inc.*, 995 F. Supp. 2d 134, 143 (E.D.N.Y. 2014) ("Indeed, courts in this circuit have held that [a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims.").

[3] To establish that she has a disability, Plaintiff cites only to her complaint. *See* Pl.'s Opp. Br., ECF No. 34 at 10 (citing complaint in support of statement that Plaintiff has "a litany of back problems including severe fibromyalgia, chronic myofascial pain, right arm tendonitis and bursitis, chronic cervical, thoracic, and lumbar pain"). A complaint contains allegations, not evidence, and generally may not serve as a sufficient basis on which to oppose a motion for summary judgment. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 526 (2d Cir. 1994) ("Rule 56(e) requires that non-movant with burden of proof on dispositive issue oppose proper summary judgment motion with any of the evidentiary materials—affidavit, depositions, answers to interrogatories and admissions—listed in Rule 56(c)."). Nonetheless, as Defendant has not challenged whether Plaintiff is disabled, the Court assumes she is for purposes of this ruling.

under circumstances giving rise to an inference of discrimination. *See* Def.'s Br., ECF No. 29-1 at 6–7.

To establish a *prima facie* case, "a plaintiff must provide evidence that would allow a reasonable juror to infer discrimination, such as disparate treatment, comments from an employer, or the sequence of events." *Lazzari v. City of New York Dep't of Parks & Recreation*, No. 15-cv-8638 (WHP), 2017 WL 4417696, at *3 (S.D.N.Y. Oct. 3, 2017), *aff'd*, 751 F. App'x 100 (2d Cir. 2018). Courts must carefully distinguish between evidence giving rise to an inference from "mere speculation and conjecture." *Id.* "[A]n inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 448 (2d Cir. 1999).

To demonstrate an inference of disability discrimination, Plaintiff relies only on comments made to her and about her by Bell, Defendant's founder. Pl.'s Br., ECF No. 34 at 10–11; *see also* Pl.'s L.R. 56(a)(2) St. ¶ 57. Specifically, Plaintiff testified that in 2021, she informed Bell that she would need to receive a shot in her lumbar spine and would need to go home and rest afterwards, and then asked Bell whether she should take a vacation day or a sick day. ECF No. 34-2 at 23–24. Bell then either crossed his arms or put his hands on his hips and then said, "Well, you're not sick. So take a vacation day." *Id.* at 24. Plaintiff also testified that Bell told Hurd, on an unspecified date, "I'm sick of [Plaintiff] complaining at – about her back." Pl.'s Dep., ECF No. 29-6 at 15.

This evidence does not satisfy even Plaintiff's minimal burden at the *prima facie* stage. Her arguments rest on conjecture and speculation as to the meaning of Bell's comments which, on their face, offer little to no insight into any circumstances that suggest that Plaintiff was terminated because of her disability. In other words, even when drawing all reasonable inferences in

Plaintiff's favor, Bell's comments and described demeanor at most speak to his understanding of Defendant's leave policy and his thoughts as to Plaintiff's complaints about her back, *see* Bell Dep., ECF No. 29-3 at 19.  But these inferences are not enough for the Court to conclude that Plaintiff's termination "took place under circumstances giving rise to an inference of discrimination." *Davis*, 804 F.3d at 235.  This conclusion alone entitles Defendant to summary judgment on Plaintiff's disability discrimination claims.

But even if Plaintiff were to have demonstrated a *prima facie* case, the Court concludes that Defendant would still prevail on the remaining *McDonnell Douglas* analysis, providing an alternative ground for the granting of summary judgment on the relevant counts.

To start, Defendant has articulated a legitimate, non-discriminatory basis for its actions: that Plaintiff was terminated because Defendant no longer required a traditional office manager role in its business.  Defendant's Operations Manager, Michael Engels, avers that technology and the COVID-19 pandemic fundamentally changed the way Defendant operated and reduced its need to employ an office manager.  For instance, Engels represents that technological advances over the years diminished Defendant's need for in-person meetings and non-electronic communications. Engels Aff., ECF No. 29-4 ¶¶ 6–7.  The COVID-19 pandemic accelerated these fundamental changes to the way Defendant operates, in part by diminishing Defendant's need for in-office work and office supplies.  *Id.* ¶¶ 8, 14.  Engels also avers that Defendant's methods of communication became de-centralized:  instead of communications following through, for example, phone calls routed through a main line at the office, technical employees began communicating directly with clients and vendors and employees began communicating directly with each other.  *Id.* ¶¶ 10–11, 15.  Similarly, communication through traditional mail decreased.  *Id.* ¶ 15.  In light of the decrease in the company's workload because of the pandemic and the broader changes in Defendant's

operations and communications, Defendant no longer needed someone to serve in a traditional office manager role, and Defendant decided to terminate the position. *Id.* ¶¶ 23–26; *see also* ECF No. 29-3 at 7–9.

Accordingly, Defendant has proffered a legitimate, non-discriminatory basis for Plaintiff's termination. The burden therefore shifts to Plaintiff to show that Defendant's articulated basis is mere pretext for her termination or that her disability was, at least in part, a reason for her termination. At the third step, the plaintiff may present "additional evidence showing that the employer's proffered explanation is unworthy of credence," or may rely "on the evidence comprising the *prima facie* case, without more." *Heyman*, 198 F.3d at 72.

The Court concludes that Plaintiff fails at the third step of the *McDonnell Douglas* analysis. In her statement of material facts, Plaintiff disputes a number of facts that address Defendant's diminishing need for an office manager. *See* Pl.'s L.R. 56(a)(2) St. ¶¶ 20, 21, 25, 28, 30, 44. In doing so, Plaintiff points to certain portions of her deposition that she claims shows there is a genuine dispute of material fact regarding whether she was terminated on the basis of her disability. *Id.* But she fails to supply the Court with many of the pages she cites to in support of her denials. *See* Pl.'s L.R. 56(a)(2) St. ¶ 20 (referencing Falvey Dep. at p. 54, which is not before the Court); Pl.'s L.R. 56(a)(2) St. ¶¶ 25, 28, 44 (referencing Falvey Dep. at pp. 41–46, of which only p. 41 is before the Court). Of the two pages that Plaintiff references that are before the Court, only one, page 51 (ECF No. 34-2 at 21), comes close to providing evidence that she maintained significant responsibilities during and after COVID. There, Plaintiff discusses helping a particular employee with "project summaries," but that testimony is limited to Plaintiff's own general perception of how busy she was and does not provide any effective or meaningful refutation of Defendant's proffered evidence regarding the major business changes that obviated the need for a traditional

office manager. At the other page she supplies, page 41 of her deposition, Plaintiff discusses the work of people other than herself, *see* ECF No. 34-2 at 19, which is not relevant to whether she was discriminated against on the basis of a disability. Thus, Plaintiff's testimony fails to create a genuine issue of material fact as to whether Defendant actually fired her even in part because of her disability.[4]

This conclusion is further supported by the fact that Defendant did not replace Plaintiff with *anyone*, much less a non-disabled individual. Engels represents that what few remaining administrative duties Plaintiff performed in the office manager role were transferred to existing employees without those employees needing to work additional hours, and that Defendant has not hired a new office manager or any additional office/administrative staff. ECF No. 29-4 ¶¶ 27–28. Plaintiff has provided no evidence to dispute these facts.

In sum, the evidence before the Court paints a picture of a company undergoing systemic changes to the nature of its business that obviated the need for Plaintiff (or anyone, for that matter), to serve as a traditional office manager. No reasonable jury could find that Plaintiff was terminated even in part because of any disability. Thus, Defendant's motion for summary judgment is granted as to Counts One and Two of Plaintiff's complaint.

B. Age Discrimination (Counts Three and Four)

Likewise, the Court grants Defendant's motion for summary judgment as to Plaintiff's age discrimination claims.

---

[4] Plaintiff appends to her Rule 56(a)2 Statement four "Issues of Material Fact in Dispute." *See* ECF No. 34-1 at 12. These include that her position entailed more than "just a specific set [of] administrative functions," that not all managers agreed her position needed to be eliminated, that she "did not visit the offices of her co-workers exclusively to socialize because there was a lack of work," and that there were a number of employees older than her at the time of her termination. *Id.* Assuming (generously) that this section was intended to be the "Additional Material Facts" section permitted by Local Civil Rule 56(a)2(ii), none of these "disputed" facts are material. Even if the last one—concerning the number of employees who were older than her—was material, Plaintiff failed to provide the Court with the page of her deposition transcript that supposedly supports this disputed fact. *See id.* (citing to p. 95 of her deposition transcript, which is not before the Court); D. Conn. L. R. Civ. P. 56(a)3.

11

The ADEA and CFEPA prohibit discrimination based on an employee's age. 28 U.S.C. §§ 621, *et seq.*; Conn. Gen. Stat. § 46a-60(b)(1). For age discrimination claims, the plaintiff must show, for her *prima facie* case, that (1) she was within the protected age group; (2) she was qualified for the position; (3) she experienced an adverse employment action; and (4) the action occurred under circumstances giving rise to an inference of discrimination. *Lively*, 6 F.4th at 302 n.3; *Femia*, 223 Conn. App. at 12. Again, Defendant does not dispute that Plaintiff has demonstrated the first three of these requirements. Thus, the only requirement at issue here regarding Plaintiff's *prima facie* case is the final one.

The Court concludes that Plaintiff has failed to establish circumstances giving rise to an inference of age discrimination. Plaintiff asserts in her briefing that her responsibilities were reassigned to other employees who, aside from Bell, were virtually all younger than her. ECF No. 34 at 7. But Plaintiff generally fails to point to evidence that shows to whom her work was reassigned and what the ages of those individuals were. Instead, the record reflects that Plaintiff's responsibilities relating to invoices were transferred to an employee who was approximately the same age, 61 years old, as Plaintiff was when she was fired. *See* Hurd Aff., ECF No. 29-5 ¶¶ 2, 13. Moreover, Plaintiff cites a certain page of Bell's deposition to support the proposition that her duties were reassigned to younger employees, *see* ECF No. 34 at 7, but Bell, in that portion of testimony, simply represents that "a couple people [employed by Defendant] are as old or older by a year or so [as compared to Plaintiff]." *See* ECF No. 34-3 at 4. Indeed, Bell himself was in his 80s. *Id.*; *see also* Pl.'s L.R. 56(a)2 St. ¶ 4. Bell does not discuss, as Plaintiff claims, that her job tasks were reassigned to younger employees. Accordingly, that portion of testimony does not support Plaintiff's argument.

With respect to other potential comparators, when asked at her deposition why she believes she was terminated on the basis of age, Plaintiff testified that "it seems like as people got older, they got terminated." ECF No. 29-6 at 27. But such generalized speculation is insufficient to generate a genuine question of material fact. Plaintiff went on to testify regarding older employees who were fired from Defendant's employ, but Plaintiff admits facts suggesting that those individuals were terminated for legitimate reasons other than their ages. *See* Pl.'s L.R. 56(a)(2) St. ¶ 60 (admitting Plaintiff's examples of other older terminated employees involved a very part-time employee who was terminated without objection, an employee who began taking extended vacations without contact with the office, and two employees who were terminated when Defendant eliminated its marketing department).

Plaintiff's argument regarding the reaction of manager David Somers to her termination likewise does not help her present a *prima facie* case of age discrimination. Plaintiff testified that Somers remarked "What? You're leaving?" when he learned of Plaintiff's departure. ECF No. 34-2 at 20. But even if this testimony suggested something more than Somers's surprise at Plaintiff's departure, it does not tend to show that Plaintiff was terminated because of her age. If anything, it may support Plaintiff's contention that there was no consensus as to her termination. But even so, Plaintiff does not explain why the lack of consensus for her termination would support her claim that she was terminated because of her age. Therefore, Plaintiff's arguments on this score do not generate a genuine issue of material fact.

In sum, Plaintiff has failed to establish circumstances giving rise to an inference that she was terminated because of her age and has, accordingly, not established a *prima facie* case of age discrimination. This conclusion alone is an independent basis for granting Defendant's motion as to Plaintiff's age discrimination claims.

13

But even if Plaintiff had established her *prima facie* case, the remaining *McDonnell Douglas* analysis provides Defendant with an additional basis for prevailing on its motion. As outlined above, Defendant has proffered an age-neutral basis for its elimination of the office manager position. The Court concludes below that Plaintiff has failed to carry her burden in showing that this age-neutral basis was pretextual or that a reasonable jury could conclude she was terminated because of her age.

In evaluating the third step of an age discrimination claim, the Court is mindful of the causation standards that apply to age discrimination claims. Under the ADEA a plaintiff "must prove, by a preponderance of the evidence, that age was the but-for cause of the challenged adverse employment action and not just a contributing or motivating factor." *Puleo v. Masonic Med. Rsch. Inst.*, No. 23-7589, 2025 WL 45393, at *3 (2d Cir. Jan. 8, 2025) (summary order); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010). Plaintiff's citation to *Gallo v. Second Taxing Dist. Of City of Norwalk*, 507 F. Supp. 2d 164, 173 (D. Conn. 2007), which suggests a lower causation standard under the ADEA, is outdated. In 2009, the United States Supreme Court held, in *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 177 (2009), that a plaintiff must show her age was a "but for" cause of the adverse employment action under the ADEA. Under CFEPA, however, a plaintiff need only prove that age discrimination was a motivating factor for the adverse employment action. *Wallace*, 213 Conn. App. at 626 ("Accordingly, we are persuaded that the motivating factor test, and not the but-for test, remains the applicable causation standard for claims of discrimination under CFEPA, regardless of the federal precedent established in *Gross* and its progeny."); *see also Ramadei v. Radiall USA, Inc.*, No. 3:21-CV-01435 (JCH), 2023 WL 5831883, at *4 (D. Conn. Sept. 8, 2023). In the end, though, whatever the causation standard, the "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the

14

plaintiff remains at all times with the plaintiff." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (quoting *Burdine*, 450 U.S. at 253).

Plaintiff has presented insufficient evidence for a reasonable trier of fact to conclude that she was discriminated against on the basis of her age. Plaintiff's evidence at this step is largely duplicative of that presented in her *prima facie* case, and does not suffice to show a genuine dispute of material fact. Plaintiff's argument about her duties being reassigned to younger employees is contradicted or otherwise not supported by the record and her testimony regarding the reaction of David Somers is too ambiguous, even when drawing reasonable inferences in Plaintiff's favor, to conclude that her disability was even a motivating factor for her termination. As with her disability claim, the Court also notes that Defendant's age-neutral rationale is well-supported by the record. Moreover, that Defendant did not replace Plaintiff with another office administrator, and instead eliminated the position altogether, severely undercuts Plaintiff's argument that she was fired on the basis of age, rather than because Defendant could no longer financially justify the office manager position.

Viewing the record as a whole, and drawing all reasonable inferences in Plaintiff's favor, Defendant's argument that it had an age-neutral reason to terminate Plaintiff's position has robust support throughout the record. Plaintiff simply does not identify a genuine question of material fact as to whether her age was a but-for cause of, or even a motivating factor in, her termination.

Thus, Defendant's motion for summary judgment is granted as to Counts Three and Four.

## IV. CONCLUSION

For the reasons described herein, Defendant's motion for summary judgment is GRANTED in full. The Clerk is directed to enter judgment in favor of Defendant and close this case.

**SO ORDERED** at Hartford, Connecticut, this 10th day of March, 2025.

        */s/ Sarala V. Nagala*
        SARALA V. NAGALA
        UNITED STATES DISTRICT JUDGE